[676 NYS2d 621]

In the Matter of WILLIAM E. ROSEN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 3, 1998

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Sciretta & Venterina, L. L. P.,* Staten Island (*Antonia Sciretta* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing eight charges of professional misconduct. The Special Referee sustained all of the charges except for Charge Five. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to confirm so much of the report as did not sustain Charge Five and to disaffirm so much of the report as sustained Charges One, Two, Three, Four, Six, Seven, and Eight.

The charges are predicated upon a common set of factual allegations.

The petition alleged that on or about November 15, 1995, the respondent deposited $13,000 into his attorney escrow account at Marine Midland Bank. That sum represented money he received from Diane Sammon as the down payment on a cooperative apartment. On that same day and prior to any payment on Ms. Sammon's behalf, the account dipped below $13,000. The balance remained below $13,000 until March 28, 1996, when an unrelated deposit of $35,100 brought the account balance up to $35,126.73.

On or about May 8, 1996, which was still prior to any payment on Ms. Sammon's behalf, the balance in the respondent's escrow account was $2.38. An additional $26,294.25 was deposited on Ms. Sammon's behalf on or about June 6, 1996.

On or about July 29, 1996, the respondent's escrow check for $25,000, payable to Christine Sammon, was dishonored due to insufficient funds. The check was dishonored because the respondent had withdrawn a portion of the funds for personal purposes.

As of December 12, 1995, the respondent was required to have on deposit in his escrow account at least $1,761.50,

representing funds belonging to Pearl McPherson.* The respondent's escrow check payable to Pearl McPherson for $1,761.50 was dishonored due to insufficient funds. The check was dishonored because an unrelated check had cleared against the proceeds being held for Ms. McPherson. The respondent had withdrawn a portion of the funds for personal purposes.

Between at least December 1994 and December 1996, the respondent deposited personal funds into his attorney escrow account while holding funds in that account entrusted to him as a fiduciary. The respondent failed to maintain a record showing the source of all funds deposited in his escrow account, the names of all persons for whom the funds were held, the amount of such funds, and the names of all persons to whom such funds were disbursed. The respondent failed to maintain all bank statements and cancelled checks for his attorney escrow account for the preceding seven years.

In or about October 1995, the respondent filed a registration statement with the Office of Court Administration (OCA) falsely certifying that he was in compliance with Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge One alleged that the respondent converted escrow funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), with respect to his conduct concerning Christine Sammon.

Charge Two alleged that the respondent failed to safeguard funds entrusted to him as fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) and (C) (22 NYCRR 1200.46 [b], [c]) with respect to his conduct concerning Christine Sammon.

Charge Three alleged that the respondent converted escrow funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), with respect to his conduct concerning Pearl McPherson.

Charge Four alleged that the respondent failed to safeguard funds entrusted to him as fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) and (C) (22 NYCRR 1200.46 [b], [c]) with respect to his conduct concerning Pearl McPherson.

---

* Although the petition set forth the sum of $3,743.18, the Grievance Committee and the respondent stipulated before the Special Referee on November 14, 1997, to modify the sum to $1,761.50.

Charge Six alleged that the respondent has failed to maintain and produce, pursuant to demand, required bookkeeping records, in violation of Code of Professional Responsibility DR 9-102 (D) and (H) (22 NYCRR 1200.46 [d], [h]).

Charge Seven alleged that the respondent filed a false certification with OCA, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Eight alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Based on the respondent's admissions and the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted. The respondent's cross motion is granted solely to the extent that Charge Five is not sustained.

In determining an appropriate measure of discipline to impose, we have taken into consideration the mitigation submitted by the respondent, including his depression, the absence of venality, the lack of any harm to the clients, his expressed remorse, the excellent character references, his 25 years of dedicated service in the public sector, and his entry into treatment before any complaints were filed against him.

The respondent's disciplinary history consists of an Admonition, dated September 20, 1996, based upon his misrepresentations to a client concerning the status of a legal matter.

Notwithstanding the significant mitigating factors, the respondent is guilty of acts of conversion. Under the totality of circumstances, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion is granted solely to the extent that Charge Five is not sustained and the cross motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, William E. Rosen, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, William E. Rosen is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.